[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 13, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12327
Non-Argument Calendar
_____

D. C. Docket No. 06-00488-CR-SLB-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICIO MARTINEZ MORALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(December 13, 2007)**

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

After a jury trial, Mauricio Martinez Morales was convicted of conspiracy to

distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846; possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and possession of a firearm while being an illegal alien, in violation of 18 U.S.C. § 922(g)(5).

On appeal, Morales challenges only his conviction for possession of a firearm in furtherance of a drug trafficking offense, arguing that there was insufficient evidence to convict him of this firearm offense.[1]  Specifically, Morales maintains that the government failed to prove a sufficient nexus between the firearms found in his vehicle and his drug offenses.

To convict a defendant of possession of a firearm in furtherance of a drug trafficking offense, the government must prove beyond a reasonable doubt that "during and in relation to any crime of violence or drug trafficking crime . . . [he] use[d] or carrie[d] a firearm, or . . . , in furtherance of any such crime, possesse[d]

_____

[1]We "review de novo . . . the sufficiency of the evidence to sustain a conviction, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict." United States v. Tampas, 493 F.3d 1291, 1297-98 (11th Cir. 2007) (quotation marks omitted).  To support a guilty verdict, "[i]t is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt . . . ." United States v. Anderson, 289 F.3d 1321, 1326 (11th Cir. 2002) (quotation marks omitted).  Rather, "[t]he evidence is sufficient so long as a reasonable trier of fact, choosing among reasonable interpretations of the evidence, could find guilt beyond a reasonable doubt." United States v. Pineiro, 389 F.3d 1359, 1367 (11th Cir. 2004).

a firearm." See 18 U.S.C. § 924(c)(1)(A). For a defendant's possession to be "in furtherance of" a drug trafficking crime, "there must be 'some nexus between the firearm and the drug selling operation.'" United States v. Garcia, 447 F.3d 1327, 1340 (11th Cir. 2006) (quoting United States v. Timmons, 283 F.3d 1246, 1253 (11th Cir. 2002)). In determining whether a nexus exists sufficient to sustain the conviction, we consider, inter alia, "the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to the drugs or drug profits, and the time and circumstances under which the gun is found." Timmons, 283 F.3d at 1253 (quotation marks omitted).

Here, sufficient evidence supported the jury's finding that Morales's possession of the firearms was "in furtherance of" his drug trafficking offenses. The search of Morales's vehicle uncovered: a firearm on the right side of the driver's seat, where Morales was sitting when officers responded to the scene; another firearm behind the front passenger's seat; methamphetamine in the pocket of the driver's side door and beneath the steering wheel; a glass pipe used for smoking methamphetamine underneath the driver's seat; and $4,800 in the glove compartment. The firearms, which Morales admitted were his, were loaded and

3

easily accessible.  The firearms were found in close proximity to the methamphetamine and the money, which the jury reasonably believed to be drug profits.

The government presented evidence that drug dealers frequently carry firearms to protect themselves, their drugs and their money and that one of Morales's guns was a type commonly possessed by drug traffickers.  Alcocer Jimenez Sabino, Morales's coconspirator, testified that he had been buying methamphetamine from Morales for eighteen months and that he had observed Morales carrying a firearm when Morales went to get drugs, but not at other times.

A reasonable jury could infer from this evidence that the purpose of the firearms found in the car was to protect Morales's drugs and drug profits that were also found in the car.  Accordingly, there was sufficient evidence in the record to establish a nexus between the firearms and Morales's drug trafficking offenses and for the jury to conclude beyond a reasonable doubt that the firearms were not merely present, as Morales contends, but were possessed in furtherance of Morales's drug trafficking offenses.

**AFFIRMED.**